**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 0 9 2007

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT OF ARKANSAS**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**LINDA THORNTON, Individually and**
**As Personal Representative for the ESTATE**
**OF CHARLES DAVID THORNTON, DECEASED;**
**SIDNEY M. THORNTON; AND**
**DON THORNTON**                                                       **PLAINTIFFS**

**WRW**

**VS.**                    **CASE NO.  4.07·CV00000614**

**THE GOODYEAR TIRE & RUBBER COMPANY**                    **DEFENDANT**

**COMPLAINT** This case assigned to District Judge _Wilson_
and to Magistrate Judge _Young_

Comes now Plaintiffs, Linda Thornton, Individually and as Personal Representative for

the Estate of Charles David Thornton, deceased; Sidney M. Thornton; and Don Thornton, by and

through their attorneys, Russell L. "Jack" Roberts, James Lane, and McHenry, McHenry &

Taylor, and for their Complaint against Defendant, states:

     1.     Linda Thornton, spouse of the deceased, Charles David Thornton, Sidney M.

Thornton father of the deceased, and Don Thornton brother of the deceased were at the time of

the subject accident (and Linda Thornton, Sidney M. Thornton, and Don Thornton so remain)

residents of Faulkner County, Arkansas.  The accident occurred in Lonoke County, Arkansas on

the 24th day of August, 2002.

     2.     The original Complaint was filed 03/28/03 and there was a voluntary Order of

Dismissal Without Prejudice entered on 07/14/06 (Case No. 4:03CV00220 JLH).

     3.     Defendant The Goodyear Tire & Rubber Company, (hereinafter Goodyear Tire) is

a Foreign Corporation organized and existing under the laws of the State of Ohio and is

authorized by the Secretary of the State of Arkansas to conduct business in the State of Arkansas;

Defendant Goodyear Tire is engaged in the business of manufacturing and/or selling recapped

tires for use by trucks and trailer rigs.  The agent for service is The Corporation Company, 425

W. Capitol Ave., Suite 1700, Little Rock, AR 72201.

     4.     The amount in controversy exceeds the amount required for diversity jurisdiction

in the Federal District Court pursuant to 28 U.S.C. § 1332.

     5.     Jurisdiction and venue is proper in the United States District Court of Arkansas,

Eastern District, pursuant to 28 U.S.C. § 1332.

### FACTS SURROUNDING THE ACCIDENT

     6.     Plaintiff incorporates herein by reference the allegations contained in paragraph

Nos. 1 through 5.

     7.     On or about August 24, 2002 the Plaintiff and the deceased Charles David

Thornton were driving a 2001 Chevrolet Tahoe west bound in the "slow" lane on Interstate 40 in

Lonoke County, Arkansas.  They were following an 18 wheel tractor and two trailers owned by

Yellow Transportation operated by Gregory D. Hill, also in the "slow" lane.  Said truck and two

trailers were equipped with at least one tire (on trailer) manufactured (or re-manufactured) by the

Defendant Goodyear Tire.

     8.     On or about August 24, 2002, at approximately 5:30 p.m., Linda Thornton was

operating the 2001 Tahoe when the vehicle was involved in an accident while traveling west

bound on Interstate Highway 40 in Lonoke County, Arkansas.  Linda Thornton was driving in a

reasonable and lawful manner when a part of tire on the truck and trailer separated from the

passenger's side inside rear tire of the first trailer and struck the Thornton vehicle causing Linda

Thornton to lose control of the said vehicle. The Thornton vehicle rolled over and ejected

Charles David Thornton causing him painful and fatal injuries.

9.      Upon information and belief it is alleged that the tire mentioned in paragraph 8

above was defective and either known to be defective or should have known that the tire was

defective.

10.      At the time of the accident either a malfunction or a series of malfunctions caused

by improper design and/or manufacture occurred, and these malfunctions were a cause of the

tread coming loose from the tire which caused the Thornton vehicle to lose control. Goodyear

Tire is responsible for the said tire.

11.      Subsequent to the Thornton vehicle losing control it rolled over and Charles

David Thornton was thrown from the vehicle. The defective tire proximately caused Mr.

Thornton's injuries and death.

12.      The defective condition of the failed tire caused by the negligence of the tire

manufacture is a proximate cause of Charles David Thornton's injuries and death, Linda

Thornton's injuries and the damages set out in Plaintiffs' Complaint.

13.      Both Linda Thornton and Charles David Thornton received personal injuries in

the subject collision and roll over described above and Charles David Thornton was killed.

14.      Linda Thornton sustained back and neck injuries, spasms, multiple contusions and

lacerations all over her entire body. Such injuries are permanent in nature.

15.      All of the injuries and the death described above and throughout this Complaint,

were proximately caused by the negligence, breach of warranties, manufacture of unsafe

products, failure of design, and failure to warn by Defendant as is set out herein.

## GENERAL ALLEGATIONS

16.     Plaintiff incorporates herein by reference the allegations contained in paragraph Nos. 1 through 15.

17.     It was reasonably foreseeable that the improperly designed and manufactured tire would be sold, driven, and used by the parties involved herein and similar persons throughout the continental United States, including Arkansas.

18.     Defendant knew or should have known that the tires Goodyear Tire manufactured and/or sold in the continental United States would be driven and used throughout the continental United States, including Arkansas.

19.     On or about August 24, 2002 the Thornton vehicle was being operated by Linda Thornton when the failures and the tire separation described herein occurred and caused the Thornton vehicle to lose control at the time and in the manner described above.

20.     Further, at the same time, Charles David Thornton was ejected.

## COUNT I

### DEFENDANT'S, PRODUCTS LIABILITY, NEGLIGENCE, AND FAILURE TO WARN

21.     Plaintiffs incorporate herein by reference the allegations contained in paragraph Nos. 1 through 20.

22.     At all relevant times, Defendant Goodyear Tire was the manufacturer and supplier of the defective tire which was a cause of the injuries and death described above.

23.    The automobile and tire were used for its intended or foreseeable use at the time Plaintiffs were injured, as were all of its systems.

24.    The defective tire described above involved in this accident was in a defective and unreasonably dangerous condition when they left Goodyear Tire.   Further, Goodyear Tire failed to produce and/or provide adequate and appropriate system and devices to assure that the tire would remain intact.

25.    As a proximate result of the defective design and condition of the tire which came apart, the Thornton vehicle lost control and rolled over and during the rollover Charles David Thornton was ejected.  As a proximate result of the acts and failures described herein, the Thornton vehicle lost control; Charles David Thornton was ejected therefrom, and both Charles David Thornton and Linda Thornton suffered personal injury and Charles David Thornton died.

26.    As a direct result and proximate cause of the defects described above, Linda Thornton experienced incapacitating and permanent injuries, great pain, suffering, mental and emotional anguish, permanent impairment and scarring, incurred substantial medical bills and other expenses, and Charles David Thornton died after suffering great pain and mental and emotional anguish.

27.    As a further direct and proximate result of the injuries caused by the defects and negligence described herein, Charles David Thornton and his Estate incurred lost wages and income in an amount to be proven at trial.

28.    Defendant was aware of the defects set out herein.

29.    Defendant is also liable for its failure to warn of the defects described herein.

30.    By virtue of its involvement in the design, manufacture, distribution, assembly,

and sale of the above tire, Defendant Goodyear Tire owed a duty to the deceased and Linda Thornton to exercise due care in designing, handling, inspecting, processing, assembling, and selling said tire. Further, Goodyear Tire owed a duty to provide notice to Plaintiff and the decedent warning them of the defective and dangerous condition of the tire.

31.    Defendant  breached its duty of care to all relevant parties, when by the acts and/or omissions it designed an unsafe tire which would be subject to excessive risk of tire failure; and by failing to give Plaintiff and decedent notice of the defective and dangerous conditions. Goodyear Tire's acts and omissions caused the injuries and deaths described herein, and those acts and/or omissions manifested an intentional and knowing and reckless indifference toward, and a disregard of the rights of others, including Linda Thornton and the deceased Charles David Thornton.

32.    Defendant Goodyear Tire also owed a duty to Linda Thornton and Charles David Thornton to exercise due care in designing, handling, inspecting, processing, assembling, installing, selling, as well as manufacturing and distributing said tire with defective design and systems (as set out above). Further, Goodyear Tire negligently and intentionally failed to timely notify the public when it learned of the defective condition of the subject tire, including, but not limited to, the defects described herein.

33.    Defendant Goodyear Tire breached its duty of care to all relevant parties herein when by its acts and/or omissions they failed to perform their responsibilities and duties regarding the defective tire as described above and by continuing to manufacture and distribute said tires and/or by failing to notify the public of the dangerous and defective conditions of the tires. The said design and defective components as described in this Complaint, were direct and

proximate causes of the injuries and death described herein. Said acts and/or omissions manifested a knowing and reckless indifference toward, and a disregard of the rights of others, including the Plaintiffs herein.

34.    Defendant Goodyear Tire, as a proximate result of their acts and/or omissions, should be held liable for payment of substantial compensatory and punitive damages in an amount to be calculated by the fact finder in an amount which will deter Defendant from this conduct in the future.

35.    As a direct and proximate result of the above acts and/or omissions of the Defendant, Linda Thornton has suffered injuries and damages as described herein, and Charles David Thornton suffered injuries, death, and loss of the enjoyment of life, and his beneficiaries have suffered mental anguish and damages as described herein.

36.    The failure to warn; the negligent acts; the intentional acts; and the breaches of warranty described herein, were direct and proximate causes of the injuries and death described herein, and manifested a knowing and reckless disregard and indifference toward the rights of others, including Linda Thornton and Charles David Thornton.

37.    Defendant as a proximate result of their acts and omissions should be held liable for payment of substantial punitive and exemplary damages in an amount to be determined by the finder of facts in an amount which will deter all Defendant from such conduct in the future.

38.    Defendant owed a duty to Linda Thornton and Charles David Thornton, to exercise due care to respectively and adequately design and manufacture tires, and/or inspect and operate its tires, and/or to warn Linda Thornton and Charles David Thornton and other consumers of the defects described herein.

39.     Defendant Goodyear Tire breached its duty of due care to all relevant parties named herein by negligently failing to manufacture a safe tire, and failed to warn all relevant persons named herein and the general public that the subject tire was defective and dangerous.

40.     As a direct and proximate result of Defendant's breaches of their duties to all relevant persons hereto, Linda Thornton was injured in the subject automobile accident and suffered injuries and damages as described herein, and Charles David Thornton was injured and killed in the subject accident, which resulted in damages to him, his Estate, and his beneficiaries.

41.     Prior to the subject accident, Defendant knew, or should have known, of the likelihood that injuries would occur to persons such as Linda Thornton and Charles David Thornton at the time of the accident about which this complaint is filed, resulting from the failed tire as has been described herein.

42.     Defendant knew, or should have known, of numerous severe prior incidents caused by the dangerous and defective tire as described herein..

43.     Defendant Goodyear Tire knew, or should have known, of alternative designs in the manufacturing process which would have eliminated or reduced the risk of accidents similar to the one described herein, and it should have taken sufficient steps to notify through recall or other notice of the defective tire.

44.     Despite such knowledge, all Defendant by their acts and/or omissions manifested a knowing and reckless indifference toward and a disregard of the rights of others including all relevant persons herein.

45.     Defendant as a proximate result of their acts and/or omissions, should be held liable for payment of compensatory, as well as, substantial punitive and exemplary damages in an

amount to be calculated to deter Defendant from this conduct in the future.

46.     As a direct and proximate result of Defendant's acts and/or omissions as described throughout this Complaint, Linda Thornton, Charles David Thornton, and Charles David Thornton's Estate have suffered injuries, death, and damages described herein.

## COUNT II

### STRICT LIABILITY AS TO DEFENDANT THE GOODYEAR TIRE & RUBBER COMPANY

47.     Plaintiffs incorporate herein by reference the allegations contained in paragraph Nos. 1 through 46.

48.     Defendant Goodyear Tire is the manufacturer and supplier of the subject tire and is liable as the manufacturer of the said product under Ark. Code Ann. § 4-86-102.

49.     Defendant is strictly liable for the harm to Plaintiff.

50.     Further, the tire was in defective condition which rendered it unreasonably dangerous for its anticipated use.   The defective tire described herein and/or lack of warning proximately damaged and injured Linda Thornton, and killed Charles David Thornton.

51.     Further, the lack of warning on the tire was also a defective condition of the products.

52.     The above Defendant is strictly liable for all the harm, damages, suffered by the respective Plaintiff and the death of Charles David Thornton.

53.     The above Defendant is strictly liable for the damages suffered by the beneficiaries of Charles David Thornton.

## DAMAGES

54.    Plaintiffs incorporate herein by reference the allegations contained in paragraph Nos. 1 through 53.

55.    Linda Thornton and Charles David Thornton have suffered injuries, death, and damages, and are entitled to damages, including, but not limited to:

    a.    Medical expenses (Linda and Charles David Thornton);

    b.    Pain and suffering (Linda and Charles David Thornton);

    c.    Scarring and/or disfigurement (Linda and Charles David Thornton);

    d.    Mental anguish and conscious pain and suffering (Linda and Charles David Thornton);

    e.    Lost wages (Linda and Charles David Thornton);

    f.    Total disability during the period during which Charles David Thornton lived (Charles David Thornton);

    g.    Loss of quality of life (Linda and Charles David Thornton); and

    h.    Expenses required to address their injuries.

56.    The Plaintiff Linda Thornton, as Special Administrator of the Estate of Charles David Thornton is entitled to damages including but not limited to:

    a.    Conscious pain and suffering;

    b.    Mental anguish;

    c.    Burial expenses;

    d.    Death;

    e.    Lost income; and

    f.    Loss of life pursuant to A.C.A. § 16-62-102

57.     The beneficiaries of Charles David Thornton, as described by the Arkansas law, suffered mental anguish as a result of Charles' death and suffering. Defendant negligent acts and omissions as described herein, proximately caused said injuries, death, and mental anguish.

58.     Plaintiffs pray for compensatory damages for all of the above mentioned damages in an amount exceeding that amount necessary for diversity jurisdiction in the Federal District Courts.

59.     Plaintiffs pray for punitive damages against Defendant to be determined by the fact finder.

## DEMAND FOR JURY TRIAL

60.     Plaintiffs demand a trial by jury pursuant to the U.S. Constitution, Arkansas Constitution, Article 2, § 7 and Rule 38 of the Arkansas Rules of Civil Procedure.

61.     Plaintiffs reserve the right to amend their Complaint upon further discovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendant, jointly and severally, as follows:

1.      For Linda Thornton and against Defendant for damages for personal injuries in excess of that amount required in a Federal District Court for diversity jurisdiction.

2.      For Linda Thornton and the Estate of Charles David Thornton and against Defendant for their lost wages, medical expenses, disability, pain and suffering, mental anguish, scarring, and disfigurement.

3.      For Linda Thornton and Charles David Thornton and against Defendant for exemplary damages in an amount calculated to deter Defendant from this future conduct.

4.     For the death of Charles David Thornton.

5.     For Plaintiff Linda Thornton, Individually and as Special Administrator for the Estate of Charles David Thornton, Individually and as Special Administrator for the Estate of Charles David Thornton, and against Defendant for conscious pain, suffering, mental anguish, loss of life, conscious pain and suffering, medical expenses, and the funeral expenses of Charles David Thornton pursuant to Arkansas Code Annotated § 16-62-102, *et sec.*

6.     For mental anguish for Charles David Thornton's beneficiaries as described by the Arkansas law, including Linda Thornton, Sidney M. Thornton, and Don Thornton.

7.     For attorney fees, costs, post-judgment interest and all other relief to which they may be entitled.

Respectfully submitted,

Russell L. "Jack" Roberts
Ark. Bar No. 73103
Roberts Law Firm
1312 Oak St.
Conway, AR 72032
(501) 329-6698

And

James F. Lane
Ark. Bar No. 75075
Attorney at Law
823 Parkway Street
P.O. Box 2091
Conway, AR 72033-2091
(501) 329-7749

And

Robert M. McHenry
Ark. Bar No. 61019
McHenry, McHenry & Taylor
8210 Henderson Road
Little Rock, AR 72210
(501) 372-3425